# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| **v.** | : | **Date Filed:** |
| **MICHAEL VIGODNER** | : | **VIOLATION:** |
| | : | **18 U.S.C. § 371 (conspiracy to commit securities fraud – 1 count)** |
| | : | **Notice of forfeiture** |

## INFORMATION

## COUNT ONE

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At times relevant to this information:

## BACKGROUND

1.      Defendant MICHAEL VIGODNER was engaged in the business of buying and selling used motor vehicles.  Acting through and on behalf of Company 1, a licensed New Jersey used vehicle dealer, defendant VIGODNER bought used motor vehicles from individuals offering them for sale and sold them to other used vehicle dealers at automobile auctions, including at an auction in Manheim, Pennsylvania, located in the Eastern District of Pennsylvania.

2.      The New Jersey Motor Vehicle Commission ("NJ MVC") was the principal motor vehicle agency for the State of New Jersey.  The NJ MVC was charged with the responsibility of issuing certificates of title, certificates of registration, and license plates to vehicles owned and operated in the State of New Jersey, while safeguarding the integrity of the titling process.

## THE SECURITIES FRAUD SCHEME

3.      Beginning by at least January 2012, the exact date being unknown, and continuing until at least in or about September 2016 in the Eastern District of Pennsylvania and elsewhere, defendant

### MICHAEL VIGODNER

conspired and agreed together with others known to the United States Attorney, including but not limited to Co-Conspirator #1 and Co-Conspirator #3, to commit offenses against the United States, that is: to make, utter, and possess counterfeited and forged motor vehicle titles reflecting false, lower odometer readings with the intent to deceive another person, organization, and government, in violation of Title 18, United States Code, Section 513(a).

## MANNER AND MEANS

4.      Defendant MICHAEL VIGODNER and his co-conspirators acted through or on behalf of Company 1.  The object of the conspiracy devised by defendant VIGODNER and Co-conspirator #1 was to obtain securities, specifically New Jersey motor vehicle titles issued in the name of Company 1, with materially false information, including inaccurate odometer statements. Defendant VIGODNER and his co-conspirators used the counterfeited and forged titles to deceive the vehicles' subsequent purchasers, including the ultimate consumer owners, into paying more money for the vehicles than they would have paid if they had known the vehicles' actual mileages.

5.      Defendant MICHAEL VIGODNER and his co-conspirators responded to online, newspaper, or other advertisements from private individuals selling used vehicles in Pennsylvania, New Jersey, and other states.

6.      Defendant MICHAEL VIGODNER and his co-conspirators purchased the advertised vehicles.

7.     Defendant MICHAEL VIGODNER and his co-conspirators asked the sellers to leave the mileage disclosures on the motor vehicle titles blank, sometimes falsely representing to the sellers that the cars were going to be sold abroad.  When defendant VIGODNER and his co-conspirators were unable to obtain blank titles (such as when the sellers filled in the vehicles' true mileage on the titles), defendant VIGODNER and his co-conspirators impersonated the sellers to request duplicate titles from the sellers' respective state motor vehicle agencies and then fill in the desired false, lower mileages on the blank duplicate titles.

8.     After purchasing the vehicles, defendant MICHAEL VIGODNER and his co-conspirators caused the vehicles' odometers to be altered to reflect false, lower mileage figures. (Vehicles with such altered odometers are called "rolled-back vehicles" herein.)

9.     Defendant MICHAEL VIGODNER and Co-conspirator #1 queried a commercial vehicle history website to determine whether the vehicles they had purchased or planned to purchase had publicly available mileage readings in the website's vehicle history reports.  If the website listed the vehicle's true, higher mileage, defendant VIGODNER and Co-conspirator #1 took the rolled-back vehicle to a local dealership or automotive shop for an oil change or other service to get a service receipt showing the vehicle's false, lower odometer reading as of that date ("fraudulent service receipt").  Defendant VIGODNER and Co-conspirator #1 submitted fraudulent mileage "data correction forms" to the commercial vehicle history website, claiming that the mileage readings in the vehicle history reports were inaccurate and needed to be changed.  To support their data correction requests, defendant VIGODNER and Co-conspirator #1 impersonated the vehicles' previous owners and submitted fraudulent service receipts reflecting rolled-back mileage figures.

10.     After defendant MICHAEL VIGODNER and his co-conspirators caused the odometer mileage to be rolled back and, if necessary removed higher mileage entries from the online vehicle history reports, they sold the rolled-back vehicles at auctions located in the Eastern District of Pennsylvania and elsewhere to other used car dealers, thereby defrauding other vehicle dealers and, ultimately, end consumer purchasers.

11.     Over the course of this conspiracy, defendant MICHAEL VIGODNER and his co-conspirators purchased at higher mileages, and then titled and resold at false, lower mileages, at least 118 vehicles, averaging approximately 64,489 miles rolled back from each odometer.  Defendant VIGODNER and Co-Conspirator #1 fraudulently made an average profit of $5,717 on each rolled-back vehicle.

## OVERT ACTS

In furtherance of the conspiracy and to accomplish its objects, defendant MICHAEL VIGODNER committed the following overt acts, among others, in the Eastern District of Pennsylvania and elsewhere:

### Vehicle 1

1.     On or about June 24, 2015, defendant MICHAEL VIGODNER and a co-conspirator purchased a 2009 Jeep Commander with Vehicle Identification Number 1J8HG48K99C554556 (Vehicle 1) for approximately $6,350.  At the time of purchase, the vehicle was titled in New Jersey and had an odometer reading of approximately 139,278 miles. At the conclusion of the purchase, defendant MICHAEL VIGODNER provided his business card to the seller.

2.     On or about June 28, 2015, an online data correction request was submitted to a commercial vehicle history website to challenge purportedly inaccurate mileage information

4

in Vehicle 1's report. The data correction request sought to remove a 2013 mileage entry stating that Vehicle 1 had 98,946 miles. The email address and home address associated with the data correction request belonged to defendant MICHAEL VIGODNER.

3.    On or about July 7, 2015, Co-Conspirator #1 applied for a motor vehicle title from the NJ MVC in the name of Company 1. Co-conspirator #1 completed and signed the disclosure statement on the previous seller's title to indicate that the odometer read 73,922 miles, which differed from the approximately 139,278 miles on the odometer when defendant MICHAEL VIGODNER purchased Vehicle 1.

4.    On or about July 10, 2015, Co-Conspirator #1, acting through and on behalf of Company 1, sold Vehicle 1 at the Manheim Pennsylvania auction, with 73,923 miles falsely listed on the vehicle's odometer and in the seller disclosure statement of the New Jersey title. Company 1 received and deposited a check for $12,750 from Manheim Pennsylvania for the sale of the rolled-back vehicle.

Vehicle 2

5.    On or about October 7, 2013, defendant MICHAEL VIGODNER and Co-Conspirator #1 purchased a 2009 FORD F150 with Vehicle Identification Number 1FTPX04V29KA68138 (Vehicle 2), knowing that the vehicle had approximately 95,033 miles on the odometer, for $16,500.

6.    Defendant MICHAEL VIGODNER and Co-Conspirator #1 represented to the seller that they did not need the seller's Connecticut title for Vehicle 2.

7.    On or about October 8, 2013, defendant MICHAEL VIGODNER applied for a motor vehicle title from the NJ MVC in the name of Company 1. Defendant VIGODNER completed and signed the seller disclosure statement on a Connecticut title to indicate that the

5

odometer read 50,011 miles, which differed from the approximately 95,033 miles on the odometer when defendant MICHAEL VIGODNER and Co-Conspirator #1 purchased Vehicle 2.

8.     On or about October 18, 2013, Co-Conspirator #1, acting through and on behalf of Company 1, sold Vehicle 2 at the Manheim Pennsylvania auction, with 50,392 miles falsely listed on the vehicle's odometer and in the seller disclosure statement of the New Jersey title, knowing that the vehicle had been driven more than 95,033 miles.  Company 1 received and deposited a check for $19,035 from Manheim Pennsylvania for the sale of the rolled-back vehicle.

Vehicle 3

9.     On or about August 17, 2015, defendant MICHAEL VIGODNER and a co-conspirator purchased a 2011 Ford F150 with Vehicle Identification Number 1FTFW1EFXBFC45853 (Vehicle 3) for $16,000.  At the time of purchase, the vehicle was titled in Maryland and had approximately 200,000 miles on the odometer.

10.     On or about August 19, 2015, Co-Conspirator #1 applied for a motor vehicle title from the NJ MVC in the name of Company 1.  The Application for a Certificate of Ownership was accompanied by a Maryland title and odometer disclosure statement completed and signed by defendant MICHAEL VIGODNER.  The disclosure statement indicated that the odometer read 41,984 miles, which differed from the approximately 200,000 miles reflected on the odometer when defendant VIGODNER and a co-conspirator purchased the vehicle.

11.     On or about August 21, 2015, Co-Conspirator #1, acting through and on behalf of Company 1, sold Vehicle 3 at the Manheim Pennsylvania auction, with 42,151 miles falsely listed on the vehicle's odometer and in the seller disclosure statement of the New Jersey title.  Company 1 received and deposited a check for $26,115 from Manheim Pennsylvania for the sale of the rolled-back vehicle.

All in violation of Title 18, United States Code, Section 371.

## <u>NOTICE OF FORFEITURE</u>

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

1.     As a result of the violation of Title 18, United States Code, Section 371 set forth in this information, defendant

### MICHAEL VIGODNER

shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, including but not limited to the sum of $337,303.

2.     If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

   a.   cannot be located upon the exercise of due diligence;

   b.   has been transferred or sold to, or deposited with, a third party;

   c.   has been placed beyond the jurisdiction of the Court;

   d.   has been substantially diminished in value; or

   e.   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461.

**GUSTAV W. EYLER**
**Director, Consumer Protection Branch**

By:  *Natalie N. Sanders by NR*

Natalie N. Sanders
Ryan E. Norman
Trial Attorneys
United States Department of Justice
Consumer Protection Branch
450 Fifth Street NW, Suite 6400 South
Washington, DC 20001
Tel:     (202) 598-2208 (Sanders)
           (202) 532-4110 (Norman)
Email: Natalie.N.Sanders@usdoj.gov
           Ryan.Norman@usdoj.gov

**JENNIFER ARBITTIER WILLIAMS**
**United States Attorney**

*by Ronald A. Sarachan*

*No.*_ _ _ _ _ _ _ _ _ _

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

Criminal Division

THE UNITED STATES OF AMERICA

vs.

MICHAEL VIGODNER

INFORMATION

Counts

118 U.S.C § 371 (conspiracy to commit securities fraud – 1 count); Notice of forfeiture

A true bill.

_____
Foreman

Filed in open court this _____day,
Of _____A.D. 20_____
_____
Clerk

Bail, $_____